[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on December 30, 1968 in Alexandria, Virginia. The plaintiff has resided continuously this state for more than one year prior to January 30, 1990. There are no minor children issue of the marriage. The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the statutory criteria set forth in 46b-81 and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of some 22 years. The defendant wife is CT Page 4338 60 years of age. She has not worked outside the home since approximately 1980 when she suffered a work related injury that resulted in the loss of one eye. She also has some back difficulties. The defendant presently receives approximately $620 every two weeks in Workmen's Compensation benefits from the Second Injury Fund.
The plaintiff husband is 46 years of age and in good health. He is employed by the City of Norwalk as a Deputy Fire Chief of Training. He presently earns a gross of $57,880.68 per year.
The defendant wife has three children from two previous marriages. The three children were minors at the time the plaintiff and the defendant married. The three children lived with the plaintiff and defendant during their minority and were supported by the plaintiff.
It appears the parties have had an unhappy marriage for the past several years. The wife accused the husband of marital infidelity and put him out of the bedroom. The parties had no marital relations after 1983. The parties argued over this for the remaining years of the marriage. The wife alleged the husband wanted an open marriage, however, she declined. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their relationship.
The defendant filed a financial affidavit dated August 20, 1990. Several of her expenses were estimated such as fuel oil, lawn care, repairs and maintenance and medical, dental and drug expenses. The defendant failed to list her IRA in the amount of $2,000.00. The defendant's Worker's Compensation was incorrectly listed as $591.78 every two weeks rather than $620 every two weeks which is the amount she is presently receiving.
The plaintiff's IRA was incorrectly noted on his financial affidavit and is in the amount of approximately $5,325.78. The plaintiff testified that his vested Pension Plan has a value of $300,000 — although he indicated it as "value unknown" on his financial affidavit.
The following orders shall enter:
Real Estate
1. The plaintiff shall convey to the defendant all his right title and interest in and to the marital home located at 26 Avenue B South Norwalk, Connecticut. The defendant shall be solely responsible for the outstanding mortgage and shall hold CT Page 4339 the plaintiff harmless from any liability thereon. The plaintiff shall be responsible for the September, October and November mortgage payments.
2. The jointly owned property, Lot #103 Sequatchie Valley, Pikeville, Tennessee shall be promptly listed for sale. After payment of the loan balance and usual closing costs, the net proceeds shall be equally divided between the parties.
Other Property
1. The Certificate of Deposit at Gateway Bank in the amount of approximately $9,678.92 shall be the sole property of the defendant.
2. The Credit Union account shall be the plaintiff's sole property.
3. The various stock holdings of the parties shall be equally divided between the parties.
4. The IRS refund check shall be equally divided between the parties.
Motor Vehicle
1. The plaintiff shall be entitled to the 1984 Nissan motor vehicle.
2. The defendant shall he entitled to the 1982 Cadillac motor vehicle.
Miscellaneous Property
1. The plaintiff shall be entitled to his gun collection and his 1986 Star Craft boat and motor.
2. The defendant shall be entitled to the household furniture and furnishings.
3. Each party shall be entitled to their respective IRA's.
4. Each party shall be entitled to their respective life insurance policy.
Pension Plan
1. The plaintiff shall be the sole owner of his Pension Fund with the Norwalk Firemen's Benefit Fund. This fund shall CT Page 4340 provide a stream of income for alimony in the future.
Alimony
1. The plaintiff during his lifetime, shall pay to the defendant as periodic alimony the sum of $200 per week until the death or remarriage of the defendant. The court has taken into account the defendant's workmen's compensation benefits of $620 every other week.
Medical Coverage
1. The plaintiff shall provide CORBRA medical coverage for the benefit of the defendant for a period of three years. The defendant shall pay one-half of the cost of such coverage.
Counsel Fees
1. No attorney's fees are awarded to either party.
An immediate withholding is ordered.
COPPETO, J.